UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-23006-MGC

JESSICA DIPUGLIA,
Individually and on behalf of all
Others similarly situated,

        Plaintiff,

v.

US COACHWAYS, INC.,
a foreign corporation,

        Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## DEFENDANT US COACHWAYS, INC.'S
## RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendant US Coachways, Inc. ("Defendant") hereby files its Response to the Statement of Claims filed by Plaintiff Jessica Dipuglia ("Plaintiff"). [D.E. 11].

### I.    Introduction and General Denial

At this early stage and having just retained counsel, Defendant denies Plaintiff's Statement of Claim generally.  Counsel for Defendant only recently appeared August 30, 2017, one week ago, and continues to investigate and seek additional information regarding the allegations of Plaintiff's complaint.  Plaintiff moreover admits to providing her cellular phone number in order to receive notifications and information regarding her charter.  Assuming that a message regarding access to charter information through a phone application was sent, such a text message concerns the core of her relationship with Defendant: a charter.  *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017) ("Van Patten gave his consent to being contacted about some things, such as follow-up questions about his gym membership application, but not to all communications. The scope of his consent included the text messages'

invitation to "come back" and reactivate his gym membership."); *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1064 (N.D. Ill. Feb. 22, 2016) (holding that a text message stating, "Kale Realty named 2013 Top 100 Places to Work by Tribune — We pay 100% on sales — Reply or visit http://joinkale.com to learn more! Rply 68 to unsubscribe" was consented to because it concerned "developing a business relationship" as did "the initial reason for disclosing [plaintiff's] cellular telephone number" two years prior.). The alleged conduct cannot be considered negligent and/or "knowing and willful violations of the TCPA" as claimed by Plaintiff.

Defendant is investigating the method by which the alleged texts were sent and associated consent forms.

## II.    Denial of Class Certification

Plaintiff's proposed class definition includes individuals who consented to receive text messages pertaining to charters. The proposed class consists of:

> All persons within the United States who were sent a text message promoting Defendant's services, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number from March 10, 2016 to the date of filing of this Complaint.

This class would improperly include individuals on active charters who received a text that indicated how they could download an application which provided additional information regarding that charter. Putting aside the consent issues, whether texts were sent via an automatic telephone dialing system or human intervention, and myriad individualized inquiries of all putative class members, Plaintiff's proposed class is an improper fail-safe class, an independent bar to class certification.

## III.   Continued Investigation

Defendant continues to seek additional information relating to Plaintiff's allegations, but

denies any violation of the TCPA.

Respectfully submitted this 6th day of September, 2017.

          **GORDON & REES SCULLY MANSUKHANI**
          100 SE Second Street, Suite 3900
          Miami, Florida 33131
          Tel:  305-428-5323  Fax:  877-644-6209

          */s/ Capri Trigo*_____
          Capri Trigo Esq.
          Florida Bar No. 0028564
          Ctrigo@grsm.com

          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive Notices of Electronic Filing.

          **/s/  Capri Trigo**_____
          Capri Trigo, Esq.

**Service List**

**Manuel S. Hiraldo**
**HIRALDO, P.A.**
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: (954) 400-4713
Email: mhiraldo@hiraldolaw.com

**Andrew J. Shamis**
**SHAMIS & GENTILE, P.A.**
Florida Bar No. 101754
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623 0915
Email: efilings@sflinjuryattorneys.com

**Jeffrey M. Ostrow, Esq.**
**Avi R. Kaufman, Esq.**
**Scott A. Edelsberg, Esq.**
**KOPELOWITZ, OSTROW, FERGUSON,**
**WEISELBERG & GILBERT**
1 W. Las Olas Blvd.
Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 449-4602
Email: ostrow@kolawyers.com
Email: kaufman@kolawyers.com
Email: edelsberg@kolawyers.com